UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.: 16-10904** |
| **MCCOLLUM, LEAH ASHLEY** | |
| **DEBTOR(S)** | **CHAPTER 7 CASE** |

# OBJECTION TO CLAIMED EXEMPTIONS FOR AMENDED SCHEDULE C and MOTION FOR TURNOVER

NOW INTO COURT, through undersigned counsel, comes the chapter 7 trustee and for its objection represents as follows:

## Preliminary Statement

The Debtor claimed an exemption for an engagement ring worth more than $5,000. Under Louisiana law, if a ring is worth more than $5,000 it is not exempt. The Trustee objects to the claimed exemption and seeks the entry of an order compelling the Debtor to turn over the ring to the Trustee.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (B) and (O).

2. The predicates for the requested relief are 11 U.S.C. §§ 105(a), 522, 542 and Bankruptcy Rule 4003.

## Background

3. On June 1, 2016, Leah Ashley McCollum (the "**Debtor**") filed a voluntary petition pursuant to chapter 7 of title 11 of the United States Code.

4. By virtue of his appointment as interim trustee in this case by the United States Trustee and pursuant to the provisions of §§ 701 and 702(d) of the bankruptcy code, John S. Hodge (the "**Trustee**") serves as the trustee in this case.

5. Pursuant to the provisions of § 541(a) of the Bankruptcy Code, upon the commencement of this bankruptcy case, an estate was created, comprised of all property, wherever located and by whomever held, including all legal and equitable interests of a debtor in property as of the commencement of the case.

6. Pursuant to the provisions of § 323(a) of the Bankruptcy Code, the Trustee holds all of the rights and responsibility for property of the estate and is the sole representative of the bankruptcy estate. *In re Grotjohn*, 289 Fed.Appx. 702, 705 (5th Cir. 2008)("The bankruptcy trustee is vested with title to all assets of the estate and becomes the representative entity.").

7. As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 704(a)(1), the Trustee has a duty to collect and reduce to money the property of the estate.

8. As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 323(b) of the Bankruptcy Code, a trustee has the capacity to sue to recover property of the estate.

## The Claimed Exemptions

9. Section 522(b) of the Bankruptcy Code provides that notwithstanding § 541, an individual debtor may exempt from the bankruptcy estate the property listed in either §§ 522(b)(1) or (b)(2). Section 522(b) of the Bankruptcy Code grants States the authority to "opt out" of the federal scheme of property exemptions enumerated in § 522(d). Louisiana is an "opt out" State under § 522(b) of the Bankruptcy Code. *Hodge v. Sinclair*, 417 F.3d 527 (5th Cir. 2005). Louisiana requires its citizens who file for bankruptcy to rely on the exemptions granted under Louisiana law, rather than the exemptions listed in § 522(d) of the Bankruptcy Code.

10. In determining what property a debtor can claim as exempt, it is proper to consider a "snapshot" of Debtor's property as of the petition date. See *In re Zibman*, 268 F.3d 298, 302 (5th Cir. 2001).

11. On August 3, 2016, the Debtor claimed as exempt a 2.15 carat diamond gold engagement ring, relying upon the provisions of La. R.S. 13:3881(A)(5). P-25.

12. According to Schedule A/B, Question 12 filed by the Debtor, the ring has a current value of $9,800. According to the documents attached to documents attached as P-25-2:

a. the ring was purchased by the Debtor's boyfriend (now husband) on February 4, 2016 (approximately 4 months prior to the commencement of this case);

b, the sales receipt shows that the ring had a retail value of $12,000.00; and

c. the sales receipt shows that the ring was purchased at discount for $9,800.00.

13. On July, 12, 2016, the Trustee sent an email to the Debtor's counsel requesting a copy of the sales receipt for the ring which was listed on the Debtor's original Schedule C as having a value of $4,850.00. See email chain, *in globo* **Exhibit 1**.

14. On July 13, 2016, the Debtor's counsel replied to the email and stated that "we had our client obtain an appraisal prior to filing, which is the source of our valuation. I have attached a copy of that appraisal for your review." See email chain, *in globo* **Exhibit 1**.

15. According to the so-called "appraisal" attached to Debtor's counsel email dated July 13, 2016, the ring had an "approximate value" of $4,850.00. See **Exhibit 2**.

16. On July 13, 2016, after receiving the so-called appraisal, the Trustee renewed his request for a copy of the sales receipt for the ring. See email chain, *in globo* **Exhibit 1**.

17. On July 19, 2016, in connection with the filing of a motion for Rule 2004 Examination, the Trustee renewed his request for the production of the sales receipt for the ring. See

email chain, *in globo* **Exhibit 3**.

18. On August 1, 2016, the Debtor's counsel sent the Trustee an email which attached the sales receipt, an "insurance appraisal," and loan payment statement from 1st Heritage issued to the Debtor's husband related to his purchase of the engagement ring. See email chain, *in globo* **Exhibit 4**.

19. According to the sales receipt dated February 4, 2016 (**Exhibit 5**), the ring had a retail value of $12,000 and was sold to George Beck who was the Debtor's boyfriend (now husband) for a discount price of $9,800.00, an amount which differs materially from the value listed by the Debtor in her original Schedule C of $4,850.00. P-6.

20. According to the "insurance appraisal" dated February 17, 2016 (**Exhibit 6**), the ring had a value of $11,500.00, an amount which differs materially from the value listed by the Debtor on her original Schedule C of $4,850.00. P-6.

21. According to Amended Schedule C (P-25), the ring is "secured by Husband's separate loan with First Heritage that has a balance of $7,216.13."

22. The Debtor married George Beck on March 19, 2016, after the acquisition of the ring.

## Objections to Claimed Exemptions

23. The Trustee hereby objects to the claimed exemption for the ring because it exceeds the value permitted under La. R.S. 13:3881(A)(5). *Matter of Mmahat*, 110 B.R. 236, 240 (Bankr. E.D. La. 1990) ("in 13:3881(A)(5) the statute specifically exempts any wedding or engagement rings with a value not in excess of $5,000.").

24. La. R.S. 13:3881(A)(5) provides:

> The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever, except as otherwise herein provided:
>
> (5) Any wedding or engagement rings worn by either spouse, provided the value of the ring

does not exceed five thousand dollars.

La. Stat. Ann. § 13:3881(A)(5).

25. By its terms, the statute provides that the exemption is limited to rings worth $5,000 or less. If the ring is worth more than $5,000, it is not exempt.

26. In this case, the Debtor claimed an exemption of the ring for $5,000.00. The Trustee objects to the claimed exemption. No portion of the ring is exempt.

27. Courts which have interpreted Louisiana's exemption statute, have applied the plain meaning of its terms. For example, courts have limited the exemption for engagement rings to debtors that are married, rather than merely engaged. *In re Robinson*, 352 B.R. 436, 438–39 (Bankr. W.D. La. 2006)("With respect to the issue of exemption under applicable Louisiana law, LSA–R.S. 13:3881(A)(5) specifically requires that the wedding or engagement ring must be 'worn by either spouse.' As the Debtor was not a spouse on the Petition Date, she is not entitled to claim the exemption.").

28. Bankruptcy Rule 4003(b) provides that a party in interest may object to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) of the Code is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The § 341 meeting of creditors was originally scheduled to commence on 06/30/16 at 10:00am. The Debtor did not appear at that meeting. The meeting was not held on that date. The meeting is scheduled to be held on August 11, 2016. Thus, this Objection has been timely filed.

**Request for Turnover**

29. The trustee asks this Court to require the Debtor to turnover the ring pursuant to § 542(a) of the Bankruptcy Code, 11 U.S.C. § 542(a). If successful, the trustee intends to sell the

vehicle for the benefit of creditors pursuant to § 363(b) of the Bankruptcy Code. 11 U.S.C. § 363(b). The debtor maintains her claim of exemptions pursuant to section 522 of the Bankruptcy Code. 11 U.S.C. § 522.

30. Section 542(a) reads:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a)

31. Section 363(b) allows a trustee to, "use, sell, or lease..." certain property, 11 U.S.C. § 363(b); however, what property a trustee may administer under section 363(b) is limited by section 363(b) to, "property of the estate." Id.

32. That "property of the estate" may be further restricted if claimed as exempt by the debtor. Pursuant to section 522(b) of the Bankruptcy Code, a debtor may remove property from the bankruptcy estate which is exempt from the claims of his creditors under state law. Section 522(b) provides in part, "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate, the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection."

33. In this case, for the reasons set forth above, the Debtor's claimed exemption should be denied. The Trustee seeks the entry of an order compelling the Debtor to turn over the ring to the Trustee.

**<u>Trustee's Intent to Sell Ring, Free and Clear of All Liens, Encumbrances and Interests</u>**

34. After the Trustee obtains possession of the ring, he intends to seek authority from this Court to sell the ring free and clear of all liens, encumbrances and interests.

35. Notwithstanding the claim by the Debtor that the ring is encumbered by her husband's "separate loan with First Heritage that has a balance of $7,216.13" (Schedule C, P-25), upon information and belief, no such lien exists. Moreover, the Trustee is not aware of any basis to assert a vendor's privilege over the ring.

36. According to the Fifth Circuit:

> Under Louisiana law, the vendor of movable property has a privilege on the property over other creditors of the vendee, if the property remains in the vendee's possession as movable property. La.Civ.Code arts. 3217(7) and 3227. That privilege entitles the vendor to be preferred before other creditors. *See* La.Civ.Code art. 3186. Because it arises as a matter of law, the vendor's privilege need not be recorded, unless a statute so requires.

*Matter of Martin Expl. Co.*, 731 F.2d 1210, 1211 (5th Cir. 1984).

37. In this case, Louisiana's vendor privilege is not effective against the Trustee because: (i) the purchaser(George Beck) of the ring is no longer in possession of the ring as required by La. Civil Code art. 3217(7) and (ii) the vendor's privilege merely permits the vendor to prime the creditors of the purchaser (George Beck) as provided for by La. Civil Code art. 3227.

38. La. Civil Code art. 3217(7) provides:

> **Art. 3217. List of special privileges on particular movables**
>
> The debts which are privileged on certain movables, are the following:
>
> 7. The price due on movable effects, if they are yet in the possession of the purchaser.

La. Civ. Code Ann. art. 3217 (7) (emphasis added).

39. La. Civil Code art. 3227 provides:

**Art. 3227. Vendor's privilege on movables; agricultural products of the United States**

> He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.
>
> So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege.

La. Civ. Code Ann. art. 3227 (emphasis added).

WHEREFORE, TRUSTEE PRAYS that this Objection be deemed good and sufficient and that the Court declare the above referenced property to be non-exempt and thus constitute property of the estate and that the Court enter an Order compelling the Debtor to turn over the property to the Trustee.

Respectfully submitted,

/s/ John S. Hodge

John S. Hodge, Trustee
Bar No. 18951
P.O. Box 13
Shreveport, LA 71161-0013
(318) 226-9100

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following parties:

United States Trustee
300 Fannin Street, #3196
Shreveport, Louisiana 71101

RYAN B. BROWN
THE COOK LAW FIRM
4070 HIGHWAY 80
HAUGHTON, LA 71037

MCCOLLUM, LEAH ASHLEY
229 ROSSITTER
SHREVEPORT, LA 71105

by depositing same in the United States Mail properly addressed and with sufficient postage affixed and/or by electronic mail and/or by electronic notice, and all other persons who have requested notice via the PACER/ECF/CMS system.

Shreveport, Louisiana, on August 3, 2016.

/s/ John S. Hodge

John S. Hodge, Trustee