**SO ORDERED.**

**DONE and SIGNED August 31, 2016.**



_____
**JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 16-10904 |
| Leah Ashley McCollum | § | |
| | § | Chapter 13 |
| Debtor | § | |

### MEMORANDUM ORDER

This matter is before the Court on the Objection to Debtor's Claim of Exemptions (ECF #26) filed by the Chapter 7 Trustee, John S. Hodge ("Trustee"), as well the debtor's response (ECF #29) and the Trustee's reply (ECF #31). The Court held a hearing on this matter on August 30, 2016. After considering the pleadings, evidence, testimony, and argument of the parties, and for the reasons stated herein and on the record, the Court conditionally sustains the instant objection to exemptions.

1

## INTRODUCTION

The debtor, Leah Ashley McCollum, was married on March 19, 2016. Prior to her marriage, her finance George Beck gifted to her a 14k white gold diamond solitaire engagement ring, with an oval diamond weighing 2.15 carats. On June 1, 2016, which was two and a half months after she got married, the debtor filed this Chapter 7 case. On June 14, 2016, the debtor filed her initial bankruptcy schedules (ECF #6) in which she disclosed the ring and valued it at $4,850.00. On Schedule C, she claimed the ring as fully exempt pursuant to LSA-R.S. § 13:3881(A)(5). (ECF #6, pg. 8).

In support of the valuation and her claimed exemption, the debtor's husband procured an appraisal from Brittain's pawn shop, which debtor's counsel forwarded to the Trustee. That appraisal, which is dated May 31, 2016, valued the ring at $4,850.00. This appraisal was dated the day before the instant bankruptcy case was filed (Trustee Ex. 3, pg. 3). Mr. Beck purchased the ring for $9,800.00 (before taxes) on February 4, 2016 (Trustee Ex 4, pg.3), and it was appraised by the seller, Lockhart Jewelers, Inc., for $11,500.00 on February 17, 2016 (Trustee Ex 4, pg.4). The appraisal is signed by Rene Taggart, who appears to be a certified gemologist appraiser.

On August 3, 2016, the debtor amended her schedules A/B and C. The amended schedules currently reflect the ring's value as $9,800.00. In addition, the debtor added the following to the description of the ring: "[s]ecured by Husband's separate loan with First Heritage that has a balance of 7216.23." The debtor also increased the exemption on the ring in schedule C to $5,000.00 pursuant to LSA-R.S. § 13:3881(A)(5).

The Chapter 7 Trustee has objected to the exemption for the ring because it exceeds the value permitted under La. R.S. 13:3881(A)(5). *Matter of Mmahat*, 110 B.R. 236, 240 (Bankr. E.D. La. 1990) ("statute specifically exempts any wedding or engagement rings with a value not in

excess of $5,000). In effect, the Trustee argues that, pursuant to the statute, the exemption for a wedding or engagement ring is "all or nothing" and is dependent on the ring's value. He argues that wedding or engagement rings with a value of more than $5,000.00 are totally non-exempt, while rings valued at or less than $5,000.00 are totally exempt. By disclosing a value of $9,800.00, the Trustee argues that the debtor cannot exempt any portion of the ring.

The debtor argues that the value of the ring is less than $5,000.00 due to a perfected security interest against the ring at the time of the bankruptcy filing by First Heritage Credit of Louisiana, LLC. She asserts that LSA-R.S. § 13:3881(A)(5) is ambiguous as to the definition of value, and that it should be interpreted as the debtor's equity in the ring. She argues that a contrary holding would lead to absurd results such that a wedding ring valued at $5,000.00 would be exempt while a ring valued at $5,000.01 would not be exempt.

## LEGAL ANALYSIS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

Pursuant to the provisions of 11 U.S.C. § 541(a), an estate was created when this bankruptcy case was filed which is comprised of all property, wherever located and by whomever held, including all legal and equitable interests of a debtor in property as of the commencement of the case. The Chapter 7 Trustee holds all of the rights and responsibility for property of the estate and is the sole representative of the bankruptcy estate. Section 522(b) of the Bankruptcy Code provides that, notwithstanding § 541, an individual debtor may exempt from the bankruptcy estate the property listed in either §§ 522(b)(1) or (b)(2). Section 522(b) grants states the authority to "opt out" of the federal scheme of property exemptions enumerated in § 522(d). Louisiana is an

3

"opt out" state under § 522(b). Louisiana requires its citizens who file for bankruptcy to rely on exemptions provided for under Louisiana law, rather than the exemptions listed in 11 U.S.C. § 522(d).

La. R.S. 13:3881(A)(5) is the Louisiana exemption statute for wedding and engagement rings. It provides that any wedding or engagement rings worn by either spouse is exempt, provided the value of the ring does not exceed $5,000.00. In interpreting a statute, the Court looks first to the statutory language. If the statute is unclear, the Court will then examine the legislative history. In this case, the statute is clear. It exempts wedding and engagement rings, provided the value of the ring does not exceed $5,000.00. Therefore, any wedding or engagement ring with a value greater than $5,000.00 cannot be exempted.

This statutory interpretation is further reinforced by the language in La. R.S. 13:3881 at subsections (A)(7) and (A)(8). These subsections provide for an exemption amount in "equity value" in motor vehicles. If the Louisiana legislature had intended to exempt $5,000.00 in "equity value" in a wedding or engagement ring, it would have used the same or consistent language in subsection (A)(5) as it did in subsections (A)(7) and (A)(8). By using only the word "value" in section (A)(5) and not "equity value," the Louisiana legislature expressly excluded any interpretation of "value" in subsection (A)(5) as including "equity value." Therefore, the Court finds that interpreting the term "value" in subsection (A)(5) as the term "equity value" as used in later sections is inconsistent with the plain language reading of the statute. There is no doubt the Louisiana legislature intended to exempt modestly valued wedding or engagement rings (i.e., those worth no more than $5,000.00), but not to exempt luxury wedding rings (i.e., those with a value of more than $5,000.00). Accordingly, the legislature specifically used the term "value" and not "equity value."

4

16-10904 - #34  File 08/31/16  Enter 08/31/16 15:28:52  Main Document  Pg 4 of 6

The result is that wedding or engagement rings valued at over $5,000.00 are completely non-exempt. This is not an absurd result as the debtor argues; instead, it is a result the legislature specifically anticipated and intended. This Court is cognizant that this will lead to inequitable results. That the exempt status of a wedding or engagement ring in a bankruptcy could technically hang on a value difference of just one cent seems potentially unjust. However, this Court cannot change the legislature's intent. If the state legislature does not like the result of its statute in bankruptcy, then it alone may change the exemption statute for wedding and engagement rings. A bankruptcy court's exercise of its equitable powers under 11 U.S.C. § 105(a) is not unlimited. *See In re Southmark Corp.*, 49 F.3d 1111, 1116 (5th Cir. 1995) (holding that the "bankruptcy court exceeded the limits of its equitable powers under § 105(a) by creating substantive rights that otherwise would not have existed"). For example, this Court may not invoke § 105 if the results would "contravene or disregard the plain language of a statute." *In re Scrivner*, 535 F.3d 1258, 1263 (10th Cir. 2008).

However, this Court can craft relief for the debtor that is consistent with this ruling and within its powers under § 105(a). The "value"[1] of the wedding ring is still open to interpretation. The two valuations presented to the Court include (1) what the Court considers an insurance appraisal (i.e., what the ring would be insured for and what it would cost to repurchase a new ring if it was lost or stolen), and (2) a pawn shop value, which is the amount the debtor could immediately and perhaps unwisely liquidate the ring for cash. The Court believes the true value, and what the Trustee may be able to liquidate the wedding ring for, is probably somewhere between the two aforementioned values. Therefore, the Chapter 7 Trustee could possibly sell the

---

[1] The Court holds that value under LSA-R.S. § 13:3881(A)(5) is the most probable price that property would sell for in a competitive and open market under all conditions requisite to a fair sale; that is, the buyer and seller each act prudently and knowledgeably and the price is not affected by an undue stimulus.

ring for more than $5,000.00, in which case the ring is not an exempt asset, or the Trustee may fail to sell the ring for more than $5,000.00, in which case the ring is an exempt asset.

Therefore, the Court will conditionally sustain the Trustee's objection to the debtor's exemption as to the wedding ring. The Trustee may retain possession[2] of the ring and file an appropriate motion to liquidate the same. The Trustee has indicated he will sell the ring free and clear of liens, if any, at a public auction. After he files a motion and is granted approval, the Court will allow the Trustee a single attempt to sell the ring. The Trustee must obtain a sales price above $5,000.00 on the first sales attempt, or he must return the wedding ring to the debtor.

The Court does not need to determine whether there was a perfected security interest against the ring at the time of the bankruptcy filing because the debtor's equity in the wedding ring is irrelevant. This opinion is without prejudice to any rights of First Heritage Credit of Louisiana, LLC to object to the Trustee's potential sale of the wedding ring and its possible claim that its purported lien attaches to the sales proceeds.

**ACCORDINGLY, IT IS ORDERED** that the Objection to Claimed Exemptions for Amended Schedule C (ECF #26) is conditionally sustained subject to further order of this Court.

**IT IS FURTHER ORDERED** that the debtor's 2.15 carat diamond gold engagement ring is only exempt if the Chapter 7 Trustee is unable to sell it for more than $5,000.00. Otherwise, the ring is non-exempt.

###

---

[2] The Chapter 7 Trustee obtained possession of the wedding ring prior to the scheduled hearing by demanding the debtor turn over the ring at the §341 Meeting of Creditors.